MARÍA DEL CARMEN MORALES, Plaintiff and Appellant, *v.* ESPERANZA CRUZ-VÉLEZ, Defendant and Appellee.

No. 3989.   Argued January 11, 1927.   Decided January 28, 1927.

*J. H. Brown* and *Clemente Ruiz Nazario* for the appellant. *José Sabater* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The District Court of Mayagüez rendered judgment for the defendant in this case and it was affirmed by this court. Within ten days after official notice thereof had been given to the court below the defendant filed a memorandum of costs containing an item of $10,000 for attorney's fees. The other party objected to the approval of the memorandum on the ground that it was premature because the time had not expired within which she could appeal from the judgment of this court to the Circuit Court of Boston, presenting later a certificate showing that she had taken the appeal and given a bond for $300 to answer for the costs; but the district court approved the memorandum after reducing to $3,000 the amount to be paid as attorney's fees.

In an appeal from that ruling the plaintiff assigned as the first error that the memorandum of costs was premature.

Act No. 15 of November 19, 1917, amending section 339 of the Code of Civil Procedure, provides as follows:

"Costs shall be claimed by the party to whom they have been granted by delivery to the secretary of the court wherein judgment was rendered in the first instance of a memorandum of said costs, of the disbursements necessarily made in the suit by the claimant, and of the amount of his attorney's fees, the truth of which memorandum shall be sworn to by the party or his attorney. Delivery of such memorandum shall be made within the ten days following that on which the term for appeal of the judgment rendered in the case shall have expired, in case no appeal shall have been taken; if an appeal has been taken said delivery shall be made within the ten days following that on which the court rendering judgment in the

first instance shall have received official advice of the decision rendered on appeal in the last instance.''

In view of that statute the appellant contends that as in certain cases appeals from judgments of this court may be taken to the Circuit Court of Boston, the latter is the last instance, and therefore so long as the time within which to file an appeal has not expired and until a judgment on appeal rendered by the Boston court is received the memorandum of costs can not be filed.

Before the enactment of the said Act of 1917 the memorandum of costs had to be filed within ten days after a final judgment was rendered by the district court; but in view of the fact that the filing and approval thereof was useless when a judgment was reversed on appeal, that law was enacted postponing the filing thereof until after the expiración of the time for appealing from the judgment of the district court, and, in case of appeal, until the official notification of the decision rendered on appeal in the last instance was received by the trial court. The court of last instance is this Supreme Court, because the procedure sought to be regulated by our Legislature referred to our insular courts, since it had no powers to legislate on appeals allowed by the acts of the United States Congress; because, notwithstanding the filing of an appeal from a judgment of this court to the Boston Circuit Court, our judgment may be executed if we do not grant at the time of the filing of the appeal or thereafter a supersedeas on a bond to answer for the damages that such stay may cause in case the judgment is affirmed; and because as not all of our judgments in civil actions are appealable and as an appeal may be taken by filing an affidavit showing that the amount of the action is above $5,000, even if it does so appear from the action itself, there would be uncertainty in many cases as to whether or not the matter is appealable and as to the time within which to file a memo-

randum of costs. From the foregoing we are of the opinion that the memorandum must be filed within the ten days following the receipt by the trial court of first instance of the official notification of our judgment, and that it must be executed as part of the judgment unless its stay is decreed here. In the present case, though our judgment has been appealed from, we have not decreed a stay of execution and therefore the filing of the memorandum of costs was not premature.

The other ground for the appeal is that the sum of $3,000 allowed by the court below as attorney's fees is excessive.

Perhaps the amount allowed as attorney's fees is excessive; but as we find in the record of this appeal only the memorandum of costs, the objections of the other party and the minutes of the hearing on that incident, from which appear only the offer and admission of a certificate showing that an appeal had been taken from our judgment after filing a bond for $300 to cover the costs, we are not in a position to hold that the said sum was excessive, because from the record we have no knowledge of the complaint and answer thereto in order to estimate the amount sued for; nor do we know whether the suit dealt with questions of fact or with very important and difficult questions of law, nor the numbers of sessions of the trial, all of which the trial court was in a position to know from the action itself for the recovery of the fees and to take into consideration for the fixing of the amount thereof, as we have held in the cases of *Bertrán* v. *Carrasquillo,* 29 P.R.R. 524; *Nicot* v. *Valdecilla,* 29 P.R.R. 495; *González* v. *Collazo,* 25 P.R.R. 146; *Torres* v. *Irizarry,* 19 P.R.R. 341; *Ramírez* v. *American Railroad Co.,* 28 P.R.R. 168, and *Quintero et al.* v. *Morales,* 20 P.R.R. 289.

The judgment appealed from must be affirmed.